THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISMAEL GARCIA SR.,<br><br>Defendant. | CASE NO. CR18-0033-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to disqualify an expert (Dkt. No. 76). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

On July 18, 2018, Defendant's counsel emailed Ms. Claudia A'Zar to request her assistance in translating and transcribing recordings from Spanish to English. (Dkt. No. 77.) Defense counsel's email notified Ms. A'Zar of what defense counsel was hoping to learn, and the theory of the defense.[1] (*Id*.) Defense counsel did not provide Ms. A'Zar with the case name,

---

[1] Defendant has not filed the email in question with the Court. In his motion, Defendant asserts that his email told Ms. A'Zar, "'I am looking for …' I then set forth the theory of the defense. The specific language I used was: 'The theory of the defense is …'" (Dkt. No. 77 at 2.)

ORDER
CR18-0033-JCC
PAGE - 1

case number, case information, sound files, reports, or any other documents. (*Id*.) Ms. A'Zar ultimately declined defense counsel's offer due to insufficient funding. (*Id*.)

Defense counsel later learned that the Government had retained Ms. A'Zar after she had declined his request. (*Id*.) Defense counsel emailed Ms. A'Zar, stating that she had a conflict of interest because defense counsel had disclosed his trial strategy in his July 18 email. (*Id*.) Ms. A'Zar responded in part that defense counsel had not shared any strategies with her in the July 18 email. (*Id*.) Defense counsel sent an email to Ms. A'Zar and the Government's counsel asking Ms. A'Zar to recuse herself from the matter, and did not receive a response. (*Id*.) Defendant now moves to disqualify Ms. A'Zar as an expert. (Dkt. No. 77.)

## II. DISCUSSION

"Federal courts have the inherent power to disqualify expert witnesses to protect the integrity of the adversary process, protect privileges that otherwise may be breached, and promote public confidence in the legal system." *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004). But "disqualification is a drastic measure that courts should impose only hesitantly, reluctantly, and rarely." *Id*.

"[D]isqualification of an expert is warranted based on a prior relationship with an adversary if (1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation." *Id*. at 1092–93. The movant bears the burden of establishing both elements; if either is not present, disqualification is likely inappropriate. *Id*. at 1093.

To establish the confidential relationship element, the movant must demonstrate that (1) he or she reasonably believed that a confidential relationship existed, and if so, (2) that the relationship was substantial enough to merit disqualification. *Id*. Factors the Court may consider include "whether the parties entered into a formal confidentiality agreement, whether the expert was retained to assist in the litigation, whether work product was discussed or documents were provided to the expert, [and] whether the expert was paid a fee." *Id*.

Confidential information is that of "particular significance or [that] which can be readily identified as either attorney work product or within the scope of the attorney-client privilege." *Id.* at 1094 (quoting *Paul ex rel. Paul v. Rawlings Sporting Goods Co.*, 123 F.R.D. 271, 279 (S.D. Ohio 1988)). To establish this element, the movant "should point to specific and unambiguous disclosures that if revealed would prejudice the party." *Id.*

Defendant has not established that a confidential relationship existed between him and Ms. A'Zar. Defendant's claim that a confidential relationship existed is based solely on defense counsel's July 18 email. (Dkt. Nos. 77, 81.) But Defendant and Ms. A'Zar did not discuss the details of the case in future emails, Ms. A'Zar was not paid a fee or retained by Defendant, no formal confidentiality agreement existed between Defendant and Ms. A'Zar, Defendant did not ask Ms. A'Zar to avoid discussing the case with opposing counsel, and Defendant did not provide Ms. A'Zar with any documents. (Dkt. No. 77.) Standing alone, the content of defense counsel's July 18 email made available to the Court is insufficient to create a reasonable belief that a confidential relationship existed between Defendant and Ms. A'Zar.

The Court also notes that Defendant has not provided the text of the July 18 email or otherwise described in detail what defense counsel shared with Ms. A'Zar. (*See* Dkt. No. 77 at 2.) Therefore, even if the Court were to find that a confidential relationship existed, Defendant has not pointed to specific and unambiguous disclosures that would prejudice him if revealed, and thus has not established that he shared confidential information that could merit disqualification.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to disqualify Ms. A'Zar as an expert (Dkt. No. 76) is DENIED.

DATED this 26th day of September 2018.

1
2
3
_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR18-0033-JCC
PAGE - 4